UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CMM-CM, LLC, d/b/a MULLER CONSTRUCTION, a Nevada LLC, <br><br>Plaintiff, <br><br>v. <br><br>LOUIS DESALVIO, an individual, LABORERS' INTERNATIONAL UNION NORTH AMERICA, LOCAL 872, a labor union, and DOES I-X, inclusive, <br><br>Defendants. | Case No. 2:18-cv-00332-RFB-PAL <br><br>ORDER |

## I. INTRODUCTION

Before this Court comes Plaintiff CCM-CM, LLC's Motion to Remand to State Court. ECF No. 9. For the reasons stated below, the Court grants Plaintiff's Motion to Remand.

## II. BACKGROUND

### a. Factual Allegations

Plaintiff alleges the following facts in the Complaint. Plaintiff CMM-CM, LLC, d/b/a Muller Construction, is a business founded and licensed in Las Vegas, Nevada. Defendant Louis DeSalvio is an individual employed by both Laborers' International Union North America, Local 872 ("Local 872") and Nevada Foundation for Fair Contracting ("NVFFC") who works and is a resident of Clark County, Nevada. Defendant Local 872 is a labor union operating in Clark County, Nevada, and the effective owner of NVFFC, a company doing business in Clark County, Nevada.

On or about November 13, 2017, Muller Construction began a bollard installation project along Las Vegas Boulevard ("the Project"). Muller Construction is a non-union company.

Sometime just prior to December 14, 2017, representatives of Local 872 appeared at every Muller worksite on the Strip and in front of Muller's offices. They picketed these locations with banners stating "IMMIGRANT LABOR ABUSE - LABOR DISPUTE - MULLER CONSTRUCTION." The banners were approximately thirty feet long and four feet high. The banners were placed at every one of the strip worksites and the office and remained in place as of the date of the Complaint (January 18, 2018).

Not long after the picketing began, Muller employees reported crowds at their worksites yelling verbal abuse, accusing them of being "scabs" (workers who take the jobs of union workers when the union goes on strike), and on at least one occasion, throwing objects at the workers.

On December 14, 2017, DeSalvio approached the worksite where Muller employees were working on the Project. DeSalvio wore a safety vest with what looked like a police badge on the front and the words "Compliance Officer" on the back. He gained access by falsely claiming to be an official from the County. He interviewed multiple Muller employees about their jobs and pay.

DeSalvio primarily spoke with Freddy Medina, a Cement Mason, and Justin Valdez, a Laborer. Medina told DeSalvio that there were no problems with his pay, and Valdez indicated he was not yet due to receive his pay for this project, so did not yet know if there would be any issues with his pay. Neither made any complaint about their pay. DeSalvio did not ever make any inquiry to Muller about how wages were calculated.

DeSalvio contacted multiple media outlets and falsely stated that Muller employees had complained that they were not being paid properly, that Muller was "gaming the system," that Muller was intimidating its workers from speaking to anyone about their pay, that Muller workers hadn't been paid properly, and that Valdez stated that Muller "had been screwing him for weeks." These false statements were broadcasted by several news outlets, including U.S. News & World Report, Miami Herald, Fox5 Las Vegas, Las Vegas Review Journal, CBS Las Vegas, NBC Las Vegas, CBS Reno, KSLA 12-Louisiana, Channel 14-Evansville, IN, Times Union-Albany, NY, Connecticut Post, Midland Reporter-Telegram Midland, TX, Laredo Morning Times, Laredo, TX, San Francisco Chronicle, and National Public Radio.

DeSalvio later filed a complaint with Clark County and attended a meeting of the Clark County Commission. By testifying to the allegedly false statements above, DeSalvio convinced the Commission to halt continuing funding for the Project until further notice.

Plaintiff asserts that Defendants violated state defamation law by knowingly making multiple false and damaging statements that Muller committed wage violations.

### b. Procedural History

Plaintiff originally filed suit in the Eighth Judicial District on January 18, 2018. ECF No. 1-2. On February 22, 2018, the case was removed to this Court. ECF No. 1. In its Notice of Removal, Defendants argued that this Court has original jurisdiction over the action because Plaintiff's claim arises under 29 U.S.C. § 187. Plaintiff filed the instant Motion to Remand on March 8, 2018. ECF No. 9.

## III. LEGAL STANDARD

28 U.S.C. § 1441(a) grants district courts jurisdiction over state court actions that originally could have been brought in federal court. 28 U.S.C. § 1441(b)(2) provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

"Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation and quotation marks omitted).

Where the parties are not diverse, federal question jurisdiction is required. Such jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

## IV. DISCUSSION

Plaintiff's complaint alleges only one cause of action: a defamation claim. ECF No. 1-2 at 7-10. Defamation claims are governed by state law. See Flowers v. Carville, 292 F. Supp. 2d 1225, 1232 (D. Nev. 2003) (citing Lubin v. Kunin, 17 P.3d 422, 425 (Nev. 2001) (detailing the elements of defamation under Nevada law)), aff'd, 161 F. App'x 697 (9th Cir. 2006). There is no basis for federal question jurisdiction on the face of Plaintiff's properly pleaded complaint.

Defendants argue that Plaintiff is "artfully pleading" a federal claim under 29 U.S.C. § 187, which states:

> **(a)** It shall be unlawful, for the purpose of this section only, in an industry or activity affecting commerce, for any labor organization to engage in any activity or conduct defined as an unfair labor practice in section 158(b)(4) of this title.
> **(b)** Whoever shall be injured in his business or property by reason o[f] any violation of subsection (a) may sue therefor in any district court of the United States subject to the limitations and provisions of section 185 of this title without respect to the amount in controversy, or in any other court having jurisdiction of the parties, and shall recover the damages by him sustained and the cost of the suit.

Section 158(b)(4), "commonly referred to as the secondary boycott provision, prohibits labor organizations from picketing against an employer with whom it does not have a dispute, with an object of forcing that secondary employer to cease doing business with a primary employer." Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4, 721 F.3d 1122, 1128 (9th Cir. 2013) (citation and quotation marks omitted).

At best, Defendants show that Plaintiff *could have* pleaded a claim pursuant to 29 U.S.C. § 187 based on the facts Plaintiff alleges. Jurisdiction cannot be based upon what claims could be pled, but those that are pled. Plaintiff elected to plead only a defamation claim. Should Plaintiff later amend its complaint to add a claim pursuant to 29 U.S.C. § 187, this Court could acquire federal question jurisdiction. But on the face of Plaintiff's properly pleaded complaint, the Court has no jurisdiction.

Plaintiff has not "artfully phrased a federal claim by dressing it in state law attire." Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003). Federal courts have

jurisdiction pursuant to the "artful pleading" doctrine when a claim pleaded under state law (1) is completely preempted by federal law or (2) necessarily implicates a substantial federal question. Id. at 1041–42. Plaintiff's defamation claim is not preempted because Plaintiff challenges Defendants' conduct solely under state law, irrespective of whether it is legal under the Labor Management Relations Act, and because a defamation claim against Defendants is possible under state law. See Linn v. United Plant Guard Workers of Am., Local 114, 383 U.S. 53, 63–65 (1966) (holding that defamation claims are not preempted by federal law where "the complainant can show that the defamatory statements were circulated with malice and caused him damage"). Plaintiff's defamation claim does not necessarily implicate a substantial federal question because Plaintiff could establish the elements of defamation without proving a violation of the Labor Management Relations Act.

While the Court grants the request to remand, the Court also finds that there was an "objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The Court finds that the artful pleading doctrine could provide a basis for jurisdiction in similar if slightly different factual circumstances.

### V. CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Remand (ECF No. 9) is GRANTED.

**IT IS FURTHER ORDERED** that the request for attorneys' fees and costs is DENIED.

**IT IS FURTHER ORDERED** that this case is remanded to state court and back to the Eighth Judicial District Court, Clark County, Nevada, Case Number A-18-768009-C. The Clerk of Court is directed to close this case.

DATED: October 15, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**